# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| RYAN HAWKINS and TAMARA KIRTLEY, individually and on behalf all others similarly situated, | ) ) ) | |
| | ) | **CASE NO. 1:22-cv-00258-RMR-NRN** |
| Plaintiffs, | ) | |
| | ) | **CLASS ACTION** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| STARTEK, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement, dated as of August 12, 2022, is made and entered into by and among the following Settling Parties (as defined below): (i) Ryan Hawkins and Tamara Kirtley (collectively "Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel of record Milberg Coleman Bryson Phillips Grossman, PLLC ("Plaintiffs' Counsel"); and (ii) Startek, Inc. ("Defendant" or "Startek"), by and through its counsel of record, Lewis Brisbois Bisgaard & Smith LLP. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

Plaintiffs allege that, on December 23, 2021, Startek determined that an unauthorized individual "gained access to and obtained data" from the Startek computer network on June 26, 2021 (the "Data Incident"). *First Amended Class Action Complaint* ("Amended Complaint" or

"A.C.") ¶ 33. Plaintiffs also allege that this third-party criminal was able to gain and obtain data from Startek regarding the PII of Plaintiffs and Settlement Class Members. *Id.* at ¶ 35. Plaintiffs allege Startek did not encrypt the PII contained on its network. *Id.* at ¶ 37. Plaintiffs allege: "]F]iles stolen from Startek [allegedly] contained at least the following information of Plaintiffs and [Settlement] Class Members: names, dates of birth, and Social Security numbers." *Id.* at ¶ 36. Plaintiffs further allege that Startek sent them notice of the Data Incident, dated January 21, 2022, informing them that their PII was "accessed" and "acquired" by cybercriminals in the Data Incident. *Id.* at ¶¶ 20-21, 39, 92. Subsequently, this lawsuit was filed asserting claims of: (1) negligence; (2) breach of implied contract; and (3) invasion of privacy by intrusion (the "Litigation").

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Startek relating to the Data Incident, by and on behalf of Plaintiffs and Settlement Class Members (as defined below), and any other such actions by and on behalf of any other individuals originating, or that may originate, in jurisdictions in the United States of America ("United States," as defined below) against Startek relating to the Data Incident.

## II.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLING

Plaintiffs believe that the claims asserted in the Litigation, as set forth in the Amended Complaint, have merit. Plaintiffs and Class Counsel (as defined below) recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Startek through motions practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays

inherent in such litigation. Class Counsel are highly experienced in class-action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.    DENIAL OF WRONGDOING AND LIABILITY

Startek denies each and all of the claims and contentions alleged against it in the Litigation. Startek denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, Startek has concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Startek has considered the uncertainty and risks inherent in any litigation. Startek has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and Startek that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

1.      **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1      "Agreement" or "Settlement Agreement" means this agreement.

1.2       "Claims Administration" means providing notice to the Settlement Class Members and the processing and payment of claims received from Settlement Class Members by the Claims Administrator (as defined below).

1.3      "Claims Administrator" means Atticus Administration, LLC ("Atticus"), a company experienced in administering class action claims generally and specifically those of the type provided for and made in data-breach litigation.

1.4      "Claims Deadline" means the postmark and/or online submission deadline for Valid Claims (as defined below) pursuant to ¶ 2.1.

1.5      "Claim Form" means the form utilized by the Settlement Class Members to submit a Settlement Claim (as defined below) for reimbursement. The Claim Form will be substantially in a form as shown in Exhibit D attached hereto, which will be available on both the Settlement Website (as defined below) and in paper format, if specifically requested by Settlement Class Members.

1.6      "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.7      "Court" means the United States District Court, District of Colorado.

1.8      "Data Incident" means the cybersecurity incident against Startek giving rise to the Litigation.

1.9     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.10 herein have occurred and been met.

1.10     "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is finally approved by the Court; (ii) the Court has entered a Judgment (as defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.11     "Judgment" means a judgment rendered by the Court.

1.12     "Long Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in Exhibit C hereto.

1.13     "Objection Date" means the date by which Settlement Class Members must mail their objection to the settlement for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.14     "Opt-Out Date" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.15     "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative,

trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.16 "PII" means the full names, addresses, dates of birth, phone numbers, email addresses, Social Security Numbers, medical record numbers, treating physicians, treating costs, diagnosis, and health insurance information.

1.17 "Plaintiffs" or "Class Representatives" means Ryan Hawkins and Tamara Kirtley.

1.18 "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as Exhibit E.

1.19 "Settlement Class Counsel" and/or "Class Counsel" means the law firm of Milberg Coleman Bryson Phillips Grossman, PLLC.

1.20 "Released Claims" shall collectively mean any and all past, present, and future claims, causes of action, lawsuits, set-offs, costs, expenses, attorneys' fees, losses, rights, demands, charges, complaints, actions, suits, petitions, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, in law or equity, matured or unmatured, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Parties based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member, Settlement Class Counsel, or

any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.21    "Released Parties" means Startek and all of its respective past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, employees, servants, members, providers, partners, principals, directors, officers, shareholders, and owners, and all of their respective attorneys, heirs, executors, administrators, insurers, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, agents, and assigns, and including, without limitation, any Person related to any such entities who is, was, or could have been named as a defendant in the Litigation.

1.22    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.23    "Settlement Class" means "All persons to whom Startek sent a notice of the Data Incident on or about January 21, 2022." The Settlement Class specifically excludes: (i) Startek, and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) Judge Regina M. Rodriguez and Magistrate Judge N. Reid Neureiter and his/her staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.24    "Settlement Class Member(s)" or "Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.25    "Settlement Website" means the website described in ¶ 3.2(c).

1.26    "Settling Parties" means, collectively, Startek and Plaintiffs, individually and on behalf of the Settlement Class.

1.27    "Short Notice" means the content of the mailed notice to the proposed Settlement Class Members, substantially in the form as shown in Exhibit B attached hereto. The Short Notice will direct recipients to the Settlement Website and inform Settlement Class Members, among other things, of the Claims Deadline, the Opt-Out Date, the Objection Date, the requested attorneys' fees, and the date of the Final Fairness Hearing (as defined below).

1.28    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq*., Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims and Unknown Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.29    "United States" as used in this Settlement Agreement includes all 50 states, the District of Columbia, and all territories.

1.30    "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator, subject to the  process for review and challenge described in ¶ 8.1 .

2.        **Settlement Benefits**

2.1        Expense Reimbursement.

2.1.1    All Settlement Class Members who submit a Valid Claim using the Claim Form are eligible for the following documented ordinary out-of-pocket expenses, not to exceed $500 per Settlement Class Member, that were incurred as a result of the Data Incident: (i) unreimbursed bank fees; (ii) long distance phone charges; (iii) cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; or (vi) gasoline for local travel. To receive reimbursement for any of the above-referenced out-of-pocket expenses, a Settlement Class Member must submit a Claim Form and must provide necessary supporting documentation of the unreimbursed losses to the Claims Administrator. In submitting a Claim Form, a Settlement Class Member must affirm under the laws of the United States that information and documents submitted are true and correct.

2.1.2    Settlement Class Members are eligible to receive reimbursement for documented fees for credit reports, credit monitoring, or other identity theft insurance product purchased between June 26, 2021 through and including the Claims Deadline incurred as a result of the Data Incident, not to exceed the same $500 cap per Settlement Class Member. To receive reimbursement for such fees, Settlement Class Members must submit a Claim Form and must provide necessary supporting documentation of the unreimbursed losses to the Claims Administrator. In submitting a Claim Form, a Settlement Class Member must affirm under the laws of the United States that information and documents submitted are true and correct.

2.1.3    Settlement Class Members are also eligible to receive reimbursement for up to four (4) hours of lost time spent dealing with the Data Incident (calculated at the rate of $15 per hour),

but only if at least one (1) full hour was spent dealing with the Data Incident. A Settlement Class Member may receive up to four (4) hours of lost time addressing the Data Incident if the Settlement Class Member attests that any claimed lost time was spent responding to issues raised by the Data Incident and provides a brief description of the activity or activities engaged in to address the Data Incident and an approximation of the time spent on each activity. Claims made for lost time can be combined with reimbursement for the above-referenced out-of-pocket expenses incurred as a result of the Data Incident and fees for credit reports, credit monitoring, or other identity theft insurance product purchased between June 26, 2021 through and including the Claims Deadline incurred as a result of the Data Incident and are subject to the same $500.00 cap for all Settlement Class Members.

2.1.4   Settlement Class Members are also eligible to receive reimbursement for documented extraordinary losses, not to exceed $4,500 per Settlement Class Member. To be eligible for this benefit the monetary loss must be: (i) actual, documented, and unreimbursed, with documented proof of loss to be submitted with the claim; (ii) more likely than not caused by the Data Incident; (iii) have occurred between June 26, 2021 through and including the end of the Claims Deadline; and (iv) must not already be covered by one or more of the above-referenced reimbursed expenses. A Settlement Class Member who claims extraordinary losses must also provide documentation that he or she made reasonable efforts to avoid, or seek reimbursement for, such extraordinary losses, including, but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance.

2.1.5   Settlement Class Members seeking reimbursement under this ¶ 2.1 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or

before the 90th day after the deadline for the commencement of notice to Settlement Class Members as set forth in ¶ 3.2. The notice to the Settlement Class will specify this deadline and other relevant dates described herein. The Claim Form must be attested to by the Settlement Class Member with a statement, under the laws of the United States, that his or her claim is true and correct, to the best of his or her knowledge and belief. Notarization shall not be required. The Settlement Class Member must submit reasonable documentation that the expenses and charges claimed were both actually incurred and more likely than not resulted from the Data Incident. Failure to attest to and provide supporting documentation for the expenses referenced above, as requested on the Claim Form, shall result in denial of a claim.

2.2   <u>Limitation on Reimbursable Expenses</u>. Startek's maximum payment obligation under this Settlement Agreement for any and all claims made under ¶¶ 2.1.1 through 2.1.4 is $475,000. If approved claims under ¶¶ 2.1.1 through 2.1.4 exceed the maximum payment obligation, the Claims Administrator shall modify the monetary proceeds to be distributed to affected Settlement Class Members on a pro rata basis. Nothing in this Settlement Agreement shall be construed as requiring Startek to provide, and Startek shall not be required to provide, for a double payment for the same loss or injury that was reimbursed or compensated by any other source. No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.3   <u>Credit Monitoring and Identity Theft Protection Services.</u> All Settlement Class members who previously claimed the 12-month credit monitoring and identity theft protection services offered to them by Startek shall automatically receive two (2) years of 1-Bureau ("1B")

credit monitoring and identity theft protection services, with a minimum of $1,000,000 in insurance coverage, through Experian, without the need to file an affirmative claim. All other Settlement Class Members must submit a Claim Form and shall be eligible to receive two (2) years of 1B credit monitoring and identity theft protection services, with a minimum of $1,000,000 in insurance coverage, through Equifax.  Settlement Class Members will be able to activate the credit monitoring and identity theft protection services after the Effective Date. Startek will pay for the credit monitoring and identity theft protection services separate and apart from other settlement benefits.

2.4    <u>Confirmatory Discovery</u>. Startek will provide confidential, discrete, and tailored confirmatory discovery concerning the Data Incident and security measures and enhancements implemented in response to the Data Incident through December 31, 2023, as described in Exhibit A to the Settlement Agreement, to be filed separately under seal. The confidential confirmatory discovery period will begin on the execution of the Settlement Agreement between the Parties and will conclude no later than thirty (30) days thereafter.

2.5    <u>Claim Supplementation</u>.

2.5.1    The Claims Administrator, in its discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in ¶ 2.1; and (iii) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably

require in order to evaluate the claim, *e.g.,* documentation requested on the Claim Form, and required documentation regarding the claimed losses. The Claims Administrator will make the final determination of whether the claim is complete and plausible.

      2.5.2    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant thirty-five (35) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later. If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

      2.5.3    Following Claim Supplementation, the Claims Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be deemed a Valid Claim. If the Claim Administrator determines that such a claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and enable the Claim Administrator to evaluate the claim, then the Claim Administrator may reject the claim without any further action. The Claims Administrator may also reject a claim, in whole or in part, for reasons other than the claim is not facially valid.

      2.6    <u>Settlement Expenses.</u> All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the Claim Supplementation process described in ¶ 2.5, shall be paid by Startek.

2.7     <u>Settlement Class Certification.</u> The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.

**3.     Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1.     As soon as practicable after the execution of the Settlement Agreement, Plaintiffs' Counsel and counsel for Startek shall jointly submit this Settlement Agreement to the Court, and Plaintiffs' Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit E, or an order substantially similar to such form in both terms and cost, requesting, *inter alia:*

a)     certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.7;

b)     preliminary approval of the Settlement Agreement as set forth herein;

c)     appointment of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel;

d)     appointment of Plaintiffs as Class Representatives;

e)   approval of a customary form of Short Notice to be mailed by first-class mail to Settlement Class Members in a form substantially similar to Exhibit B, attached hereto.

f)   approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to Exhibit C, attached hereto, which, together with the Short Notice, shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, the requested attorneys' fees, and the date, time and place of the Final Fairness Hearing;

g)   approval of the Claim Form to be available on the Settlement Website for submitting claims and available, upon request, in a form substantially similar to Exhibit D, attached hereto; and

h)   appointment of Atticus Administration, LLC ("Atticus") as the Claims Administrator.

3.2   Startek shall pay the entirety of contractually agreed upon and authorized Costs of Claims Administration, and the costs of providing notice to the Settlement Class in accordance with the Preliminary Approval Order.  Services to be performed by the Claims Administrator must be previously approved by Startek with such approval not to be unreasonably withheld. Any attorneys' fees, costs, and expenses of Plaintiffs' Counsel, and a service award to the Class Representatives, as approved by the Court, shall be paid by Startek as set forth in ¶ 7 below. Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

a)   *Class Member Information*: Within fourteen (14) days of entry of the Preliminary Approval Order, Startek shall provide the Claims Administrator with the name and physical address of each Settlement Class Member (collectively, "Class Member Information") that Startek and/or the Released Entities used to provide initial notice to Settlement Class Member**s**. Startek will cooperate with the Claims Administrator concerning any inquiries the Claims Administrator may have concerning the Class Member Information.

b)   The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the Settlement as provided in this Agreement, or to provide all data and information in its possession to the Settling Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c)   *Settlement Website:* Prior to the dissemination of the Short Notice, the Claims Administrator shall establish the Settlement Website, which will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the operative Class Action Complaint filed in the Litigation; and (vi) any other materials agreed upon by the Settling Parties and/or required by the Court. The Settlement Website shall

provide Settlement Class Members with the ability to complete and submit the Claim Form, and supporting documentation, electronically.

d)     *Short Notice:* Within thirty (30) days of entry of the Preliminary Approval Order and to be substantially completed not later than forty-five (45) days after entry of the Preliminary Approval Order, subject to the requirements of this Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class members as follows:

- via first-class mail to the postal address provided to Startek and/or the Released Entities by the Settlement Class Members. Before any mailing under this paragraph occurs, the Claims Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS within thirty (30) days of entry of the Preliminary Approval Order;

- in the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is not valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address via first-class mail within seven (7) days of receiving the returned Short Notice;

- in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and the

Objection Date, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice via first-class mail within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e)   Publishing, on or before the date of mailing the Short Notice, the Claim Form, and the Long Notice on the Settlement Website as specified in the Preliminary Approval Order, and maintaining and updating the Settlement Website throughout the claim period;

f)   A toll-free help line shall be made available to provide Settlement Class Members with information relevant to this Settlement;

g)   The Claims Administrator also will provide copies of the Short Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request to Settlement Class Members; and

h)    Contemporaneously with seeking Final approval of the Settlement, Class Counsel and Startek shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.

3.3    The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and consistent with such approval. The notice program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be completed within forty-five (45) days after entry of the Preliminary Approval Order.

3.4    Class Counsel and Startek's counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

## 4.    Opt-Out Procedures

4.1    Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than sixty (60) days after the date on which the notice program commences pursuant to ¶ 3.2.

4.2    All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement

Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than fifty (50) timely and valid Opt-Outs (exclusions) submitted, Startek may, by notifying Class Counsel and the Court in writing, void this Settlement Agreement. If Startek voids the Settlement Agreement pursuant to this paragraph, Startek shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and Plaintiffs' Counsel and service awards and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**5.     Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing, and; (vii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such

representation). To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court, Alfred A. Arraj United States Courthouse, located at 901 19th Street, Room A-105, Denver, Colorado, 80294, and contain the case name and docket number, *Hawkins, et al. v. Startek, Inc.*, Case No. 1:22-cv-00258-RMR-NRN (the *"Hawkins* Action"), no later than sixty (60) days from the date on which notice program commences pursuant to ¶ 3.2, and served concurrently therewith upon Class Counsel, Milberg Coleman Bryson Phillips Grossman, PLLC, 5335 Wisconsin Avenue NW. Suite 440, Washington, D.C. 20015; and counsel for Startek, Christopher H. Wood, Lewis Brisbois Bisgaard & Smith LLP, 1700 Lincoln Street, Suite 4000, Denver, CO 80203.

5.2    Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be through appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.    Releases**

6.1    Upon the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

relinquished, waived, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery or equitable relief in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2    Upon the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, Startek shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiffs, each and all of the Settlement Class Members, Class Counsel, and Plaintiffs' Counsel of all claims, including Unknown Claims, based upon the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement. Any other claims or defenses Startek may have against such Persons including, without limitation, any claims based upon any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3    Notwithstanding any term herein, neither Startek nor their Released Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members, Settlement Class Counsel, and Plaintiffs' Counsel.

**7.     Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Plaintiffs**

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service award to Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that Startek would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to Plaintiffs as may be ordered by the Court. Startek and Class Counsel then negotiated and agreed to the provision described in ¶ 7.2.

7.2     Startek has agreed not to object to a request by Class Counsel for attorneys' fees, inclusive of any costs and expenses of the Litigation, subject to Court approval, in an amount not to exceed $210,000.00, which is in addition to any benefits provided to the Settlement Class Members and the costs of settlement administration, including the Claims Administrator and notice. Class Counsel, in their sole discretion, shall allocate and distribute any amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

7.3     Subject to Court approval, Startek has agreed not to object to a request for a service award in the amount of $2,500 to each named Plaintiff (for a total payment of $5,000), which is separate and apart from any other sums agreed to under the Settlement Agreement.

7.4     If awarded by the Court, Startek shall pay the attorneys' fees, costs, expenses, and service awards to Plaintiffs, as set forth above in ¶¶ 7.2 and 7.3, within thirty (30) days after the Effective Date. Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and service awards to Plaintiffs consistent with ¶¶ 7.2 and 7.3, with Startek bearing no responsibility or liability for such distribution.

7.5    The amount(s) of any award of attorneys' fees, costs, and expenses, and the service award to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service awards ordered by the Court to Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.    Administration of Claims

8.1    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.1. Class Counsel and Startek shall be given reports as to both claims and distribution and have the right to challenge the claims and distribution set forth in the reports.  The reports to be provided shall include, for each approved claim, the name of the Settlement Class Member, a description of the approved claim including dollar amounts to be paid as extraordinary or ordinary losses, and all supporting documentation and Claim Forms submitted. If counsel for the Settling Parties agree that any such claim is improper, the Claims Administrator shall follow counsel's joint direction regarding the disposition of the claim.  If the Settling Parties cannot agree on the disposition of a claim, the Settling Parties, upon the election of either Settling Party, will submit the claim for disposition to a jointly agreed upon impartial third-party claim referee for determination. The Claims Administrator's determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the above right of review and challenge process. All claims agreed to be paid in full by Startek shall be deemed a Valid Claim.

8.2     Checks for Valid Claims shall be mailed and postmarked, and electronic/digital payments shall be issued electronically, within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise expressly allowed by law or the Settling Parties' written agreement, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, Startek, Released Parties, Class Counsel, Plaintiffs, Plaintiffs' Counsel, and/or Startek's counsel based on distributions of benefits, or denial of benefits, to Settlement Class Members.

8.5     Information submitted by Settlement Class Members in connection with submitted claims under this Settlement Agreement shall be deemed confidential and protected as such by the Claims Administrator, Class Counsel, and counsel for Startek.

8.6     Startek, if it does not perform the function itself, will cause the Claims Administrator to provide (at Startek's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**9.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b)      Startek has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3;

c)      the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

d)      the Judgment has become Final, as defined in ¶ 1.11.

9.2      If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Class Counsel and counsel for Startek mutually agree in writing to proceed with the Settlement Agreement.

9.3      Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and to Startek's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4      In the event that the Settlement Agreement, the releases set forth in ¶¶ 6.1, 6.2, and 6.3, or the definitions in paragraphs ¶¶ 1.20, 1.21, and 1.28 are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be

treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Startek shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation. Notwithstanding the above, if one or more of the releases and definitions in ¶¶ 1.20, 1.21, 1.28, 6.1, 6.2 and 6.3 are not approved by the Court as written, Class Counsel and Startek's counsel can mutually agree in writing to proceed with the Settlement Agreement.

### 10.      Miscellaneous Provisions

10.1      The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2      The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such

party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth in the Settlement Agreement.

10.3     Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Parties may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5     This Agreement contains the entire understanding between Startek and Plaintiffs, on behalf of themselves and the Settlement Class, regarding the settlement of the Litigation, and this Agreement supersedes all previous negotiations, agreements, commitments, understandings, and writings between Startek and Plaintiffs, including through their respective counsel, in connection with the settlement of the Litigation. Except as otherwise provided herein, each party

shall bear its own costs. Any agreements reached between Startek or Plaintiffs, and any third party, are expressly excluded from this provision.

10.6    Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.8    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

10.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. No assignment of this Settlement Agreement will be valid without the other party's prior, written permission.

10.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11    As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

10.12    All dollar amounts are in United States dollars (USD).

10.13    All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Startek shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for further re-issuance will not be honored after such checks become void.  For monetary relief not cashed or activated by Settlement Class Members and on the expiration of all Settlement Class Members' right to receive said monetary relief, the Claims Administrator shall submit the total of all such uncashed monetary relief to the Electronic Privacy Information Center, which promotes internet privacy.

10.14    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have hereby accepted and agreed to the Settlement Agreement.

**STARTEK, INC.**

Ryan Hawkins (Aug 12, 2022 09:11 CDT)

Ryan Hawkins

By: _____

Aug 12, 2022

Date

Print Name:_____

Tamara Kirtley (Aug 12, 2022 11:55 EDT)

Tamara Kirtley

Its: _____

Aug 12, 2022

Date

Date: _____

**Approved as to Form:**

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: /s/ David Lietz (Aug 12, 2022 12:31 EDT)

David K. Lietz
5335 Wisconsin Ave., NW, Ste. 440
Washington, D.C. 20015
Tel: (855)252-0878
Fax: (202) 686-2877
dlietz@milberg.com

*Counsel for Plaintiffs and the Putative Class*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ _____

Christopher H. Wood
1700 Lincoln Street, Suite 4000
Denver, Colorado 90203
Tel: (720) 292-2056
Christopher.Wood@lewisbrisbois.com

*Counsel for Defendant Startek, Inc.*

IN WITNESS WHEREOF, the parties hereto have hereby accepted and agreed to the Settlement Agreement.

STARTEK, INC.

_____
Ryan Hawkins

_____   By: _____
 Date

_____   Print Name:___Nishit Shah_____
Tamara Kirtley

_____   Its: _____
Date

Date: _____

**Approved as to Form:**

**MILBERG COLEMAN BRYSON**          **LEWIS BRISBOIS BISGAARD &**
**PHILLIPS GROSSMAN, PLLC**          **SMITH LLP**

By: _/s/_____
David K. Lietz                       By: _/s/_____
5335 Wisconsin Ave., NW, Ste. 440    Christopher H. Wood
Washington, D.C. 20015               1700 Lincoln Street, Suite 4000
Tel: (855)252-0878                   Denver, Colorado 90203
Fax: (202) 686-2877                  Tel: (720) 292-2056
dlietz@milberg.com                   Christopher.Wood@lewisbrisbois.com

*Counsel for Plaintiffs and the Putative Class*   *Counsel for Defendant Startek, Inc.*

IN WITNESS WHEREOF, the parties hereto have hereby accepted and agreed to the Settlement Agreement.

**STARTEK, INC.**

Ryan Hawkins

Ryan Hawkins

Aug 12, 2022

Date

By: _____

Print Name: _____

Its: _____

Date: _____

Tamara Kirtley

Tamara Kirtley

Aug 12, 2022

Date

**Approved as to Form:**

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: /s/ *David Lietz*
David K. Lietz
5335 Wisconsin Ave., NW, Ste. 440
Washington, D.C. 20015
Tel: (855)252-0878
Fax: (202) 686-2877
dlietz@milberg.com

*Counsel for Plaintiffs and the Putative Class*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/
Christopher H. Wood
1700 Lincoln Street, Suite 4000
Denver, Colorado 90203
Tel: (720) 292-2056
Christopher.Wood@lewisbrisbois.com

*Counsel for Defendant Startek, Inc.*