UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| RYAN HAWKINS and TAMARA KIRTLEY, individually and on behalf all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STARTEK, INC.<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CASE NO. 1:22-cv-00258-RMR-NRN**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING FORMS OF NOTICE AND NOTICE PLAN, AND DIRECTING IMPLEMENTATION OF THE NOTICE PLAN

The Court, having considered Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"), the supporting memorandum, the Parties' Settlement Agreement,[1] dated August 16, 2022, the proposed Short Notice, Long Notice, and Claim Form, and being otherwise fully advised in the premises, finds and orders as follows:

#### PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.　　The Settlement Agreement, attached to the Motion for Preliminary Approval as Exhibit 2 is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

---

[1] The capitalized terms used in this Order Preliminarily Approving Class Action Settlement, Approving Forms of Notice and Notice Plan, and Directing Implementation of Notice Plan shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

1

2. The Court has jurisdiction over the claims at issue in this Action, Plaintiffs Ryan Hawkins and Tamara Kirtley, individually and on behalf of others similarly situated ("Plaintiffs"), and Defendant Startek, Inc. ("Startek" or "Defendant") (together with Plaintiffs, the "Parties").

3. This Order is based on Federal Rule of Civil Procedure 23.

4. The Court finds that the Parties' Settlement Agreement, as set forth in Exhibit 2 to the Motion for Preliminary Approval of Class Action Settlement is fair, reasonable, and adequate and is within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members.

5. Plaintiffs allege that this class action arises out of Startek's alleged failure to safeguard the personally identifiable information ("PII") that it maintained regarding Plaintiffs and Settlement Class Members. On December 23, 2021, Startek determined that an unauthorized individual "gained access to and obtained data" from the Startek computer network on June 26, 2021 (the "Data Incident"). Amended Class Action Complaint ("Complaint" or "Comp."). Comp. ¶ 33; ECF 14.. Plaintiffs also allege that this third-party criminal was able to gain and obtain data from Startek regarding the PII of Plaintiffs and Settlement Class Members. Comp. ¶ 35. Plaintiffs allege Startek did not encrypt the PII contained on its network. Id. ¶ 37. The "files stolen from Startek [allegedly] contained at least the following information of Plaintiffs and [Settlement] Class Members: names, dates of birth, and Social Security numbers." Id. ¶ 36. Plaintiffs further allege that Startek sent them notice of the Data Incident, dated January 21, 2022, informing them that their PII was "accessed" and "acquired" by cybercriminals in the Data Incident. Id. ¶¶ 20-21, 39, 92. Plaintiffs allege that Startek failed to provide "timely and adequate

notice" to Plaintiffs and the Settlement Class Members of the Data Incident. Id. ¶ 6. Subsequently, this lawsuit was filed asserting claims of: (1) negligence; (2) breach of implied contract; and (3) invasion of privacy by intrusion (the "Litigation").

      6.      Plaintiffs summarize the relevant terms of the proposed Settlement as follows:

          a.      The Settlement provides for two separate forms of monetary relief: (1) reimbursement of documented ordinary out-of-pocket expenses incurred as a result of the Data Incident, documented fees for credit reports, credit monitoring, or other identity theft insurance product purchased between June 26, 2021 through and including the end of the Claims Deadline incurred as a result of the Data Incident, and reimbursement for up to four (4) hours of lost time spent dealing with the Data Incident, all subject to the same $500 cap per Settlement Class Member; and (2) reimbursement of documented extraordinary expenses up to $4,500 per Settlement Class Member.

          b.      Ordinary expense reimbursements can be claimed at up to $500 per Settlement Class Member. There are three categories of ordinary expense reimbursements: *First*, Settlement Class Members may receive reimbursement for documented ordinary out-of-pocket expenses incurred as a result of the Data Incident, which include: (i) bank fees; (ii) long distance phone charges; (iii) cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; or (vi) gasoline for local travel. *Second*, Settlement Class Members may receive reimbursement for documented fees for credit reports, credit monitoring, or other identity theft insurance product purchased between June 26, 2021 through and including the end of the Claims Deadline incurred as a result of the Data Incident. To receive reimbursement for

3

documented ordinary out-of-pocket expenses or documented fees for credit reports, credit monitoring, or other identity theft insurance product, Settlement Class Members must submit a Valid Claim, including necessary supporting documentation, to the Claims Administrator. Settlement Class Members also must affirm under the laws of the United States that information and documents submitted are true and correct. *Third*, Settlement Class Members may receive reimbursement for up to four (4) hours of lost time (at $15 per hour), if at least one full hour was spent dealing with the Data Incident. To receive reimbursement for lost time, Settlement Class Members must attest that they spent time responding to issues raised by the Data Incident and provide a brief description of the activity/activities engaged in to address the Data Incident and an approximation of the time spent on each activity. Settlement Class Members must also submit a Valid Claim. Claims made for lost time can be combined with reimbursement for the above-referenced documented ordinary out-of-pocket expenses incurred as a result of the Data Incident and/or documented fees for credit reports, credit monitoring, or other identity theft insurance product purchased between June 26, 2021 through and including the Claims Deadline incurred as a result of the Data Incident and are subject to the same $500.00 cap for all Settlement Class Members.

      c.      Settlement Class Members may also receive reimbursement for documented extraordinary expenses, up to $4,500 per Settlement Class Member, incurred between June 26, 2021 through and including the end of the Claims Deadline. Settlement Class Members must provide documentation for this benefit. To be eligible for this benefit, the Settlement Class Member must show through the class process that the monetary loss: (i) is actual,

4

documented, and unreimbursed, with documented proof of loss to be submitted with the claim; (ii) is more likely than not caused by the Data Incident; (iii) occurred between June 26, 2021 through and including the end of the Claims Deadline; and (iv) is not already covered by one or more of the above-referenced reimbursed expenses; and the Settlement Class Member must have made reasonable efforts to avoid, or seek reimbursement for, such extraordinary losses, including, but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance.

      d.      In addition to the potential monetary benefits, Settlement Class Members who previously claimed the 12-month credit monitoring and identity theft protection services through Experian, with one bureau ("1B") credit monitoring services and $1,000,000 identity theft protection, offered by Startek in the Data Incident response, will automatically receive two (2) additional years of these services without the need to file an affirmative claim. All other Settlement Class Members must submit a timely, valid claim and shall be eligible to receive two (2) years of 1B credit monitoring and a minimum of $1,000,000 identity theft protection services through Equifax. Settlement Class Members will be able to activate the credit monitoring and identity theft protection services after the Effective Date. Startek shall pay for the credit monitoring and identity theft protection services separate and apart from other settlement benefits.

      e.      Startek shall provide confidential, discrete, and tailored confirmatory discovery concerning the Data Incident and security measures and enhancements implemented in response to the Data Incident through December 31, 2023, as described in Exhibit A to the Settlement Agreement, to be filed separately under seal. The confidential

5

confirmatory discovery period will begin on the execution of the Settlement Agreement between the Parties and will conclude no later than thirty (30) days thereafter.

7. Startek's maximum payment obligation under the Settlement Agreement for any and all claims made for reimbursement for documented ordinary ordinary out-of-pocket expenses, for documented fees for credit reports, credit monitoring, or other identity theft insurance product, for lost time, and for documented extraordinary losses is $475,000. If approved claims for reimbursement for documented ordinary out-of-pocket expenses, documented fees for credit reports, credit monitoring, or other identity theft insurance product, lost time, and documented extraordinary losses exceed $475,000, the Claims Administrator will modify the monetary proceeds to be distributed to affected Settlement Class Members on a pro rata basis.

## CLASS CERTIFICATION

8. For the purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the class, defined as follows: "All persons to whom Startek sent a notice of the Data Incident on or about January 21, 2022."

9. The Settlement Class specifically excludes: (i) Startek, and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) Judge Regina M. Rodriguez and Magistrate Judge N. Reid Neureiter and his/her staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

10. The Settlement Class consists of approximately 24,819 individuals.

6

11. The Court provisionally finds, pursuant to the Federal Rules of Civil Procedure, that for purposes of this settlement only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the Settlement Class's claims; (4) the Class Representatives will fairly and adequately protect the Settlement Class's interests; and (5) common issues in this Litigation predominate over individualized ones, and class treatment of this Litigation is superior.

**SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES**

12. Ryan Hawkins and Tamara Kirtley, who allege that they are former employees of Defendant, as described more fully in the Complaint filed in this action, are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members, and are typical of the Settlement Class, therefore they will be adequate Class Representatives.

13. The Court finds that the Milberg Coleman Bryson Phillips Grossman, PLLC and Attorneys Gary M. Klinger and David K. Lietz are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

**NOTICE TO SETTLEMENT CLASS**

14. The forms of the Short Notice (also known as the Postcard Notice), Long Notice, and Claim Form, attached as Exhibits B, C, and D, respectively, to the Settlement Agreement, are constitutionally adequate, and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement

7

Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

15.     The Notice program set forth in the Settlement Agreement, and described below, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, provides the best notice practicable under the circumstances, and is hereby approved.

16.     The Claims Administrator is directed to carry out the notice program as set forth in the Settlement Agreement.

17.     Within thirty (30) days of this Preliminary Approval Order and to be substantially completed not later than forty-five (45) days after entry of this Preliminary Approval Order, the Claims Administrator shall provide Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement.

## CLAIMS, EXCLUSIONS, AND OBJECTIONS

18.     The timing of the claims process is structured to ensure that all Settlement Class Members have adequate time to review the terms of the Settlement Agreement, make a claim, or decide whether they would like to opt-out or object.

19.     Settlement Class Members will have ninety (90) days from date Notice commences pursuant to the Settlement Agreement to complete and submit a claim to the Claims Administrator. S.A. ¶ 2.1.5.

8

20. Settlement Class Members who seek to be excluded from the Settlement Class must sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator, as set forth in the Notices. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. The notice must be postmarked no later than sixty (60) days from the date Notice commences pursuant to the Settlement Agreement.

21. In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than fifty (50) timely and valid Opt-Outs (exclusions) submitted, Startek may, by notifying Settlement Class Counsel and the Court in writing, void this Settlement Agreement. If Startek voids the Settlement Agreement pursuant to this paragraph, Startek shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Settlement Class Counsel and Plaintiffs' Counsel and service awards and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

22. Settlement Class Members who comply with the requirements of this paragraph may object to the Settlement, the Attorneys' Fees Request, or the Service Award Requests. Settlement Class Members seeking to object to the Settlement must submit timely written notice of his or her objection. This Notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the

9

class, or to the entire class; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing, and; (vii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court, Alfred A. Arraj United States Courthouse, located at 901 19th Street, Room A-105, Denver, Colorado, 80294-3589, and contain the case name and docket number, *Hawkins, et al. v. Startek, Inc.*, Case No. 1:22-cv-00258-RMR-NRN, no later than sixty (60) days from the date Notice commences pursuant to the Settlement Agreement, and served concurrently therewith upon David K. Lietz, Milberg Coleman Bryson Phillips Grossman, PLLC, 5335 Wisconsin Avenue NW. Suite 440, Washington, D.C. 20015; and counsel for Startek, Christopher H. Wood, Lewis Brisbois Bisgaard & Smith LLP, 1700 Lincoln Street, Suite 4000, Denver, CO 80203.

23. Any Settlement Class Member who fails to comply with the requirements for objecting to the Settlement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the means described above. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be through appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## ADMINISTRATION OF THE SETTLEMENT

24. The Class Representatives, Settlement Class Counsel, and Defendant have created a process for assessing the validity of claims and a payment methodology to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement benefits to the Settlement Class, and the plan for distributing Settlement benefits as described in Section 8 of the Settlement Agreement.

25. The Court appoints Atticus Administration, LLC as the Claims Administrator. Startek shall pay the entirety of contractually agreed upon and authorized Costs of Claims Administration, and the costs of providing notice to the Settlement Class. Services to be performed by the Claims Administrator must be previously approved by Startek with such approval not to be unreasonably withheld. These payments shall be made separate and apart from the Settlement benefits.

26. The Court directs the Claims Administrator to effectuate the distribution of Settlement benefits according to the terms of the Settlement Agreement should the Settlement be finally approved.

27. Settlement Class Members who qualify for Settlement benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

28. If Final Judgment is entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any

Settlement benefit, and will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the Releases, and the Final Judgment.

29. Startek, if it does not perform the function itself, shall cause the Claims Administrator to provide (at Startek's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## FINAL FAIRNESS HEARING

30. A Final Fairness Hearing shall be held on April 13, 2023 at 10:00 a.m. at the Alfred A. Arraj United States Courthouse, Room A901, located at 901 19th Street, Denver, Colorado 80294-3589, to be noticed on the Settlement Website.

31. The Court may require or allow the Parties and any objectors to appear at the Final Fairness Hearing by telephone or videoconference.

32. At the Final Fairness Hearing, the Court will determine whether: (1) this action should be finally certified as a class action for settlement purposes pursuant to the Federal Rules of Civil Procedure; (2) the Settlement should be finally approved as fair, reasonable, and adequate; (3) Settlement Class Counsel's application for attorneys' fees, costs, expenses should be approved; (4) the Class Representatives' requests for service awards should be approved; (5) the Parties, their respective attorneys, and the Claims Administrator should consummate the Settlement in accordance with the terms of the Settlement Agreement; (6) Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; and (7) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement.

33. Plaintiffs' Motion for attorneys' fees, costs, and expenses shall be filed with the Court no later than fourteen (14) days prior to the Opt-Out and Objection Deadline.

34. Plaintiffs' Motion for Final Approval shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing.

## TERMINATION

35. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions in the Litigation, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In the event that the Settlement is terminated pursuant to the Settlement Agreement, the Parties shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel.

36. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

37. This Order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Startek of any fault, wrongdoing, breach, liability, or the certifiability of any class.

38. All proceedings and deadlines in this matter, except those necessary to implement this Order and Settlement, are hereby stayed and suspended until further order of the Court.

## SUMMARY OF DEADLINES

39. The preliminarily approved Settlement shall be administered according to its terms pending the Final Fairness Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Notice Date | 30 days after the entry of the Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Expenses and Service Awards for Class Representatives | 14 days prior to Opt-Out and Objection Deadlines |
| Deadline for Class Members to Opt-Out of Settlement | 60 days after Notice Date |
| Deadline for Class Members to Object to Settlement | 60 days after Notice Date |
| Deadline for Class Members to Submit Claim Forms | 90 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval | 14 days prior to Final Fairness Hearing |
| Final Fairness Hearing | April 13, 2023 at 10:00 a.m. |

ORDERED this 24th day of October, 2022.

UNITED STATES MAGISTRATE JUDGE

14