UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| RYAN HAWKINS and TAMARA KIRTLEY, individually and on behalf all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>STARTEK, INC.<br><br>   Defendant. | )<br>)<br>)<br>)<br>) **CASE NO. 1:22-cv-00258-RMR-NRN**<br>)<br>) **CLASS ACTION**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On October 24, 2022, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 45) of the settlement (the "Settlement") between Plaintiffs Ryan Hawkins and Tamara Kirtley ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant Startek, Inc. ("Startek," and together with Plaintiffs, the "Parties"), as memorialized in the Settlement Agreement, which is Exhibit 2 (Doc. 41-2) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;[1]

On November 23, 2022, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was notified of the terms of the proposed Settlement Agreement, of the right of Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing;

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

On April 13, 2023, the Court held a final approval hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice.  Prior to the final approving hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel, and the payment of service awards to the Representative Plaintiffs.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Startek, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for service awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.  The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement benefits.  The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all Class Members who have not opted out of the Settlement Class are bound by this Final Approval Order and Judgment, approving the Settlement Agreement.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## OBJECTIONS AND OPT-OUTS

6. <u>Zero (0)</u> objections were filed by Settlement Class Members.  The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

7. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

## **CLASS CERTIFICATION**

8. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class (the "Settlement Class"):

> All persons to whom Startek sent a notice of the Data Incident on or about January 21, 2022. The Settlement Class specifically excludes: (i) Startek, and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) Judge Regina M. Rodriguez and Magistrate Judge N. Reid Neureiter and his/her staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

9. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

10. The Court grants final approval to the appointment of Plaintiffs Ryan Hawkins and Tamara Kirtley as Representative Plaintiffs. The Court concludes that the Representative Plaintiffs have fairly and adequately represented the Settlement Class and will continue to do so.

11. The Court grants final approval to the appointment of David K. Lietz and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman LLP as Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

12. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

13. The Court finds that Startek has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

14. The Court has considered Class Counsel's Motion for service awards and for attorneys' fees and costs, and expenses. The Court awards Class Counsel the sum of $210,000 as an award of attorneys' fees and costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs to be fair and reasonable.

15. The Court grants Settlement Class Counsel's request for service awards to the Representative Plaintiffs and awards $2,500 to Plaintiff Ryan Hawkins and $2,500 to Plaintiff Tamara Kirtley. The Court finds that this payment is justified by their service to the Settlement Class. This payment shall be paid in accordance with the Settlement Agreement.

## OTHER PROVISIONS

16. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17. Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Valid Claim Forms, on approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

18. As of the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted; and (ii) Startek shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged, Plaintiffs, each and all of the Settlement Class Members, Class Counsel, and Plaintiffs' Counsel of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement. Any other claims or defenses Startek may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

Notwithstanding any term herein, neither Startek nor their Released Parties, shall have or shall be deemed to have released, relinquished, waived, or discharged any claim or defense against any Person other than Plaintiffs, each and all of the Settlement Class Members, Settlement Class Counsel, and Plaintiffs' Counsel.

19. "Released Claims" shall collectively mean any and all past, present, and future claims, causes of action, lawsuits, set-offs, costs, expenses, attorneys' fees, losses, rights, demands, charges, complaints, actions, suits, petitions, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, in law or equity, matured or unmatured, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Parties based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class. Further, "Released Parties" means Startek and all of its respective past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, employees, servants, members, providers, partners, principals, directors, shareholders, and owners, and all of their respective attorneys, heirs, executors, administrators, insurers, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, and assigns, and including, without limitation, any Person related to any such entities who is, was, or could have been named as a defendant in the Litigation.

20. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq*., Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of

the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

21. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest, or expenses that arise out of or relate to the allegations or subject matter of the Litigation and/or the Amended Class Action Complaint (the "Amended Complaint").

22. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Startek of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Startek or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action.  This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Startek, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein).  The Settlement Agreement and Final Approval Order and Judgment shall not be construed or

admissible as an admission by Startek that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

23. The Court hereby dismisses the Amended Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party, except as provided in this Final Approval Order and Judgment.

24. Consistent with Paragraph 9.1 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

25. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

**ENTERED:**

DATED: _____, 2023

By:_____
The Honorable Regina M. Rodriguez
United States District Judge